# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERNEST TREVINO, | ) | 1:05-cv-01364-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION TO |
| v. | ) | DISMISS PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| PAUL SCHULTZ, | ) | (Doc. 1) |
| | ) | |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on October 28, 2005. (Doc. 1). The petition alleges that on September 27, 1990, Petitioner was convicted of a violation of 21 U.S.C. § 846 (conspiracy to manufacture methamphetamine), and 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (aiding and abetting in the manufacture of methamphetamine), in the United States District Court for the Eastern District of California, Sacramento Division, and sentenced to a prison term of 375 months. (Doc. 1, p. 2; Doc. 2, p. 2). Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Ninth Circuit, which affirmed the conviction and sentence on December 24, 1996. (Doc. 2, p. 2).

Petitioner now brings this habeas petition alleging that an intervening judicial opinion, United States v. Valdez-Santos, 370 F.Supp.2d 1051, 1053 (E.D. Cal. 2005), makes his conviction on both conspiracy and aiding and abetting wrongful. (Doc. 2, p. 3).

///

///

1

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-479, as amended (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).

In this case, Petitioner appears to be challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255, not a habeas petition pursuant to § 2241. Although Petitioner has filed his petition on a form indicating it is pursuant to § 2241, a petition contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow

exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Tripati, 843 F.2d at 1162-1163 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).

The Ninth Circuit has also provided little guidance on what actually constitutes "inadequate and ineffective" in relation to the savings clause. It has acknowledged that "[other] circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-1060, citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In his petition, Petitioner has alleged that § 2255 is inadequate and ineffective. In support of his contention, Petitioner cites In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002), for the proposition that on a request by a petitioner to file a second and subsequent § 2255 motion, a showing that the motion is based on a subsequent interpretation of a statute satisfies the "inadequate and ineffective" requirement because a second or successive § 2255 motion "must be certified...to contain (1) newly discovered evidence...; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Smith, 285 F.3d at 8. Since the subsequent statutory interpretation is neither, the Court concluded that proceeding by habeas corpus petition was appropriate. Id.

Even assuming, however, for the sake of argument, that this Court is bound by a decision of the District of Columbia Circuit, this case is distinguishable from Smith because it does not involve a second or successive § 2255 motion. Indeed, Petitioner indicates in his petition that he has *never* filed a § 2255 motion in the sentencing court. Nothing in Smith indicates that filing an original § 2255 motion would be an inappropriate vehicle for challenging a conviction called into doubt by a subsequent and favorable statutory interpretation. Hence, should Petitioner wish to

1  pursue this claim in federal court, he must do so by way of a motion to vacate, set aside, or
2  correct his sentence pursuant to 28 U.S.C. § 2255.[1]   Therefore, the petition should be
3  dismissed on the grounds that no relief under § 2241 can be afforded.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED because Petitioner's claim does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 16, 2007**                                    /s/ Theresa A. Goldner
                                                                           UNITED STATES MAGISTRATE JUDGE

---

[1]A motion for reconsideration of sentence pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.  In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Eastern District of California, Sacramento Division. Thus, the Sacramento Division (not the Fresno Division) of the United States District Court for the Eastern District of California is the proper venue for filing a motion pursuant to § 2255.

4